Filed 1/11/16  P. v. Jackson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HOWARD T. JACKSON,<br><br>    Defendant and Appellant. | D067749<br><br><br><br>(Super. Ct. No. SCD242643) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, David M. Szumowski and Runston G. Maino, Judges.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal, Collette C. Cavalier, Allison V. Hawley, Deputy Attorneys General, for the Plaintiff and Respondent.

Howard T. Jackson pleaded guilty to grand theft of personal property exceeding $400 (Pen. Code,[1] § 487, subd. (a); count 1) and theft of funds by a fiduciary exceeding $400 (§ 487, subd. (a); Ins. Code, § 1733; count 6). The court placed him on five years probation and committed him to the county sheriff for 365 days. As a condition of probation, Jackson was prohibited from engaging in a fiduciary capacity in specified respects. Several years later, the court found Jackson had violated his probation and revoked it, sentencing him to three years eight months in county jail (the upper term of three years for count 1 and a consecutive term of eight months for count 6). Jackson contends the court erred by sentencing him based on conduct that occurred after imposition of probation, rather than on information existing at the time of his original sentence, and by declining to impose a split sentence[2] under the Criminal Justice Realignment Act of 2011 (the Realignment Act). He maintains his counsel was prejudicially ineffective for failing to object to the court's use of his probation violation

---

[1]    Statutory references are to the Penal Code.

[2]    A split sentence is one in which the court suspends execution of a portion of the term and releases the defendant into the community under the mandatory supervision of the county probation department. (§ 1170, subd. (h)(5)(B)(i); *People v. Camp* (2015) 233 Cal.App.4th 461, 464, fn. 1.) Effective January 1, 2015, California Rules of Court, rule 4.415 provides: "When imposing a term of imprisonment in county jail under section 1170(h), the court must suspend execution of a concluding portion of the term to be served as a period of mandatory supervision unless the court finds, in the interests of justice, that mandatory supervision is not appropriate in a particular case. Because section 1170(h)(5)(A) establishes a statutory presumption in favor of the imposition of a period of mandatory supervision in all applicable cases, denials of a period of mandatory supervision should be limited."

2

conduct in imposing sentence, and asks that we remand the matter for resentencing. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Jackson pleaded guilty to grand theft of personal property exceeding $400 and theft of funds by a fiduciary exceeding $400, and was placed on five years of formal probation. He admitted as to the grand theft count that between March 1, 2007, and May 31, 2011, he unlawfully took or stole money and property from Diane Lilja. As to the offense of theft by a fiduciary, he admitted he acted as an insurance agent and was in receipt of a premium relating to an insurance policy but unlawfully diverted and appropriated the funds to his own use. Jackson stipulated that he would pay $339,099 in restitution: $73,956 to Lilja and $265,143 to Michael and Carol Hill. Jackson stated he had gone over the plea agreement with his counsel and understood that though he had stipulated to probation, if he violated his terms he could be sentenced to imprisonment of three years eight months.

At Jackson's ensuing sentencing hearing, the court ordered at the People's request that as a condition of probation, Jackson not engage in a fiduciary capacity in any financial-related transactions involving insurance, real estate or securities. It suspended imposition of sentence and granted Jackson formal probation for five years, mainly to monitor Jackson's restitution payments, and 365 days in custody.

Jackson was rearrested in December 2014 and his probation summarily revoked in January 2015. In a February 2015 probation report of rearrest, the probation officer observed that in view of Jackson's stipulation to probation, his original probation report

3

did not include a prison term analysis. The probation officer did so in his February 2015 report, and set out one possible circumstance in mitigation—that Jackson had voluntarily acknowledged wrongdoing at an early stage of the criminal process—and three possible circumstances in aggravation: (1) that the manner in which Jackson's crimes were carried out indicated a level of financial and business sophistication and professionalism; (2) the crime involved the taking of great monetary value, with total restitution ordered of $339,099; and (3) Jackson took advantage of a position of trust and confidence, as a licensed insurance agent, to commit the offense. The probation officer recommended in view of the fact the aggravating factors were significant and outweighed the single mitigating factor, that Jackson be given the upper term on both counts.

In March 2015, the court conducted an evidentiary probation revocation hearing. Jackson's probation officer Kirk Palmer testified he had prepared a report after learning of two incidents and receiving other information leading him to believe that Jackson had violated his probation. Specifically, Palmer had discovered bank records and e-mails from a December 2014 Fourth Amendment waiver search showing that Jackson had been assisting a woman in recovering money from a Securities and Exchange Commission receiver relating to her investment in a Ponzi scheme, in which Jackson had also invested. Palmer also discovered documents indicating Jackson was a principal in a company and had been communicating with attorneys to pay an out-of-court settlement to a family that had lost $500,000. Finally, in January 2014, Palmer was contacted by Cherene Thompson, who had given Jackson funds to enable her to become an affiliate in a company, as well as access to a stock trade account so he could assist her in investing in

4

stocks. Thompson testified about her involvement with Jackson, and the fact she had invested $75,000 of an inheritance she had received in a company Jackson owned for which he promised a monthly return of $3,000 to $5,000. Thompson also funded an E-Trade account that Jackson had set up for her so he could assist her in learning how to invest in the stock market. Thompson never received any return on her investment, and when she asked for her money back, Jackson told her he did not have it.

The superior court emphasized that the issue was whether the People had proved by a preponderance that Jackson had violated his probation condition to not engage in a fiduciary capacity in any financial related transactions involving insurance, real estate or securities. The court found it was entitled to admit the probation officer's report to demonstrate the violation. The prosecutor elected to rebut defense counsel's argument, and defense counsel then discussed the merits of Jackson's alleged violations, arguing the evidence did not amount to a violation and the prosecution did not meet its burden of proof.

After considering arguments, the court revoked Jackson's probation. Defense counsel pointed out that the probation department recommended imposition of the maximum three-year eight-month sentence, but asked that the court impose a split sentence, arguing Jackson was not a physical safety risk. The prosecutor argued that whether or not supervised, Jackson was "going to have his fingers in one pie or another that's going to involve some questionable financial activity" and that a split sentence was not justified. The court then heard from the probation officer and considered the presumption for a split sentence, but declined based on its "overriding [concern for] the

5

protection of the public" and the fact Jackson could not be properly supervised outside of jail.[3] It sentenced Jackson to three years eight months in state prison, in the custody of the sheriff. At no time did defense counsel object that the court was relying on Jackson's probation violation conduct in selecting the upper terms and declining to impose a split sentence.

## DISCUSSION

Recognizing he forfeited his sentencing challenges due to his counsel's failure to object, Jackson's sole argument is that his counsel was prejudicially ineffective because a reasonably competent counsel would have objected on the grounds advanced on appeal, and the trial court would have considered sentencing him to a lower or middle term, or imposing a split sentence, based on the circumstances existing at the time Jackson was granted probation. The People maintain that counsel's decision was not deficient because counsel may have reasonably decided that any objection would be futile given that several aggravating factors supported imposing the upper term, and counsel also may have had a tactical purpose to instead ask for a split sentence that allowed for a period of mandatory supervision.

---

[3] In part, the court stated, "I realize there's a presumption now that there is a split sentence. I realize that presumption can be overcome with a number of things. I'll just put it real bluntly to you, Mr. . . . [¶] . . . [¶] . . . Jackson. I think that every second you're free to do something, you're going to rip somebody off, just to put it in the vernacular." Later the court continued: "I have considered that it's a presumption for a split sentence, as I must, but it seems to me based on my comments and what I heard here the overriding is [*sic*] the protection of the public. I truly believe that every time that you're not in custody, actually in jail, you're a danger to everybody, that you cannot be properly supervised outside of jail. So I'm not going to do a split sentence."

A. *Legal Principles*

The applicable standards are well settled: " 'An ineffective assistance claim has two components: A defendant must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' [Citations.] [¶] . . . [¶] 'To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." ' " (*In re Welch* (2015) 61 Cal.4th 489, 514.) In evaluating counsel's conduct, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " (*Strickland v. Washington* (1984) 466 U.S. 668, 689.) "In order to establish prejudice, a defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citation.] A defendant 'need not show that counsel's deficient conduct more likely than not altered the outcome in the case.' [Citation.] Rather, he must show 'a probability sufficient to undermine confidence in the outcome.' " (*In re Welch*, at p. 517; see also *People v. Kipp* (1998) 18 Cal.4th 349, 366 [prejudice shown if counsel's deficient performance " 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result' "].)

Rarely will an appellate record establish ineffective assistance of counsel. (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) Where " ' " 'the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was

7

asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." ' " (*People v. Carrasco* (2014) 59 Cal.4th 924, 982.) "Further, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " (*Ibid*., quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 697.)

B. *Analysis*

Here, the record does not shed light on the reasons for counsel's omission, and we cannot say this case presents a circumstance where there could be no satisfactory explanation for counsel's failure to object to Jackson's upper term sentence, or the court's decision to decline to impose a split sentence. We agree with the People that there are several possible explanations for counsel's inaction. We also agree that Jackson cannot demonstrate prejudice as to his upper term sentence.

1. *Court's Decision to Decline Jackson's Request for a Split Sentence*

The trial court's decision to commit Jackson to a full term in custody, rather than to a split sentence, is a discretionary decision that we review for manifest abuse. (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178; *People v. Sandoval* (2007) 41 Cal.4th 825, 847.) As applicable to Jackson's sentencing (§ 1170, subd. (h)(7)), section 1170, subdivision (h)(5)(A), states: "Unless the court finds that, in the interests of justice, it is not appropriate in a particular case, the court, when imposing a sentence pursuant to

8

paragraph (1) or (2), shall suspend execution of a concluding portion of the term for a period selected at the court's discretion."  California Rules of Court, rule 4.415 provides in part:  "Because section 1170(h)(5)(A) establishes a statutory presumption in favor of the imposition of a period of mandatory supervision in all applicable cases, denials of a period of mandatory supervision should be limited."  Rule 4.415 establishes criteria the court "may consider" for determining when mandatory supervision is not appropriate in the interest of justice, including "[t]he defendant's present status on probation . . . ," and "[w]hether the nature, seriousness, or circumstances of the case or the defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody."  (Cal. Rules of Court, rule 4.415(b)(2), (4).)

Counsel was not deficient for failing to object to the court's decision to reject mandatory supervision because the court stated valid reasons, including its view of the seriousness and sophistication of Jackson's actions, Jackson's violation of probation, and the nature of his performance on probation, to deny mandatory supervision.  (See also Cal. Rules of Court, rules 4.408 [trial court may consider factors not enumerated that are reasonably related to the court's discretionary sentencing decision], 4.415(b)(2), (4).)  Because the court's decision was based on valid criteria, it was well within its sentencing discretion.  (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847 [court abuses its sentencing discretion when it bases its decision on irrelevant circumstances or otherwise relies on an improper basis for decision].)  Under these circumstances, it would have been futile for counsel to object on the grounds advanced on appeal, and counsel is not ineffective for

9

failing to make such an objection. (See *People v. Weaver* (2001) 26 Cal.4th 876, 931; *People v. Noriega* (2015) 237 Cal.App.4th 991, 1003; e.g., *People v. Cudjo* (1993) 6 Cal.4th 585, 616 ["Because there was no sound legal basis for objection, counsel's failure to object to the admission of the evidence cannot establish ineffective assistance"]; *Adoption of I.M.* (2014) 232 Cal.App.4th 40, 48.)

2. *Court's Decision to Impose an Upper Term Sentence*

We also reject Jackson's ineffective assistance claim as to counsel's failure to object to the court's imposition of upper terms. Jackson relies on California Rules of Court, rule 4.435(b)(1), which provides: "On revocation and termination of probation . . . when the sentencing judge determines that the defendant will be committed to prison: [¶] . . . [¶] *The length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term*." (Italics added.)

We are not persuaded the court necessarily relied on improper factors in selecting the upper terms. Before sentencing Jackson, the trial court had before it and reviewed the probation report of rearrest, in which the probation officer set forth the single mitigating and three aggravating circumstances, and recommended imposition of the upper term on counts 1 and 6. The prosecutor had briefly described Jackson's count 1 and count 6 offenses during the probation revocation hearing. A single factor in aggravation will support imposition of an upper term. (*People v. Black* (2007) 41 Cal.4th 799, 813; *People v. Cruz* (1995) 38 Cal.App.4th 427, 433.) Thus, there is a satisfactory explanation for defense counsel's failure to object, in that counsel could have reasonably decided that

10

asking the trial court to consider only circumstances existing at the time probation was granted would not have made a material difference in the court's decision. The existence of such an explanation requires us to reject Jackson's ineffective assistance claim. (*People v. Carrasco*, *supra*, 59 Cal.4th at p. 982.)

Even assuming arguendo the trial court did rely on Jackson's probation misconduct to determine the length of Jackson's sentence and counsel's performance was deficient in this regard, Jackson's claim fails for the absence of prejudice. That is, Jackson has not demonstrated a reasonable probability he would have received a shorter sentence had an objection been made, and the court recognized it was precluded by California Rules of Court, rule 4.435(b)(1) from considering Jackson's performance on probation. " 'When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' " (*People v. Cruz*, *supra*, 38 Cal.App.4th at pp. 433-434.) The three aggravating circumstances of Jackson's count 1 and count 6 offenses outweighed the single mitigating factor, and the probation officer recommended an upper term sentence. Thus, had counsel objected on grounds the court was improperly considering Jackson's probation misconduct, the court could have and likely would simply have followed the probation officer's recommendation before it for the upper term in view of the nature and seriousness of Jackson's count 1 and count 6 offenses. Because Jackson cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 687.)

11

DISPOSITION

The judgment is affirmed.


                                                                    O'ROURKE, J.


WE CONCUR:


NARES, Acting P. J.


McDONALD, J.